Allan R. Rosenberg, Washington, D. C., for plaintiff.

William A. Stern II, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDۛۛN and HOWELL, Judges.

JONES, Chief Judge.

This is an action by a veteran and former civil service employee for salary to which he asserts he was entitled for the period June 30, 1946, when he was released from active duty with the Federal Works Agency, to February 8, 1949, when he was restored to duty with pay, pursuant to a final mandatory injunction of the District Court of the United States for the District of Columbia, entered on July 6, 1948.

From October 1942 through November 17, 1943, plaintiff was employed by the Office of Economic Warfare as an Economic Analyst, grade P–5. At the request of the Subcommittee on War Mobilization (the "Kilgore Committee") of the Senate Committee on Military Affairs, plaintiff, then on permanent status, was transferred in November. 1943 to the rolls of the Federal Works Agency as an Economic Analyst, grade P–6, for detail to and duty with the Kilgore Committee, with the activities of which he was exclusively engaged until January 3, 1944. Plaintiff thereafter entered the Army, receiving an honorable discharge therefrom on July 21, 1945.

Subsequently plaintiff entered a private hospital for medical treatment and then on January 19, 1946, made application to the Federal Works Agency for restoration to his former position of Economic Analyst, grade P–6. All details by the Agency to the Kilgore Committee, such as plaintiff formerly had, however, had been abolished during his military service, the assigned reason being that such appointments for the accommodation of Senate Committees had been rendered illegal by the adoption of a Senate resolution and certain decisions of the Comptroller General. Upon inquiry by the Agency the Civil Service Commission advised that the Agency was responsible for plaintiff's restoration, and on March 1, 1946, plaintiff was restored to the Agency's payroll temporarily as an Economist, grade P–6. The Agency experienced difficulty in making a position assignment for plaintiff in that position, and on March 19, 1946, corrected its notice of March 1, 1946, and restored him to his former position of Economic Analyst, grade P–6, on detail to the Kilgore Committee. That committee, however, discontinued the detail on April 1, 1946, for lack of funds to reimburse the Agency for plaintiff's services.

By letter dated May 29, 1946, the Agency notified plaintiff that due to a reduction in force he would be released from active duty on the Agency's rolls at the close of business on June 30, 1946. On that date plaintiff went into a leave status, drawing annual leave until August 12, 1946, thereafter being in a leave-without-pay status, which was ultimately extended to February 8, 1949. The record shows appeals by plaintiff from the reduction in force, and various negotiations between plaintiff, the Federal Works Agency, and the Civil Service Commission. On March 28, 1947, plaintiff filed a suit in the District Court of the United States for the Distict of Columbia for a mandatory injunction requiring his restoration to duty, naming the Administrator of the Federal Works Agency, and the Agency itself as codefendants. As a result of this suit the district court issued an injunction commanding the defendants therein to restore plaintiff "in the same position as, or a position equivalent in rank, seniority and pay status to that from which he was separated on June 30, 1946," on the grounds that there had been a denial of plaintiff's rights under the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C. Appendix, § 308, now 50 U.S.C.A.Appendix, § 459. The injunction was issued on July 6, 1948, and plaintiff was ultimately restored to duty effective February 8, 1949. On the following day plaintiff submitted his resignation, which was accepted immediately.

Plaintiff seeks recovery for the period from June 30, 1946, to February 8, 1949, when he was restored to duty pursuant to order of the district court.

Question has been raised in this case as to the effect of the judgment entered by the district court, with particular regard to whether it operates as *res judicata* in a suit here against the United States as defendant for compensation for loss of salary. Defendant has sought to argue that contrary to the finding of the district court plaintiff was not entitled to the one-year period of reemployment guaranteed in section 308 of the Selective Training and Service Act of 1940, supra, because in fact plaintiff did not make timely application for restoration to his former position after discharge from military service; and that therefore plaintiff is not entitled to recover here. Such defense was not raised in the district court action, and if otherwise material here could be raised only if the judgment in that action were not *res judicata* against the Government.

The dispute concerning the effect of the district court judgment under section 308, however, we think it unnecessary to resolve here, since it appears that plaintiff is entitled to recover under the provisions of the act of June 10, 1948, 5 U.S.C.A. § 652 (b)(3), reading as follows:

"(3) Any person removed or suspended without pay in a reduction in force who, after an appeal to proper authority, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. A decision with respect to any appeal to proper authority under this paragraph shall be made at the earliest practicable date."

There can be no question but that plaintiff meets all the requirements of this statute. The action taken with respect to plaintiff on June 30, 1946, constituted removal without pay in a reduction in force. After appeal to proper authority, ultimately the district court, plaintiff was reinstated or restored to duty on February 8, 1949. It is an indisputable fact that the ground upon which his reinstatement was effected was that his removal was unjustified and unwarranted under the Selective Training and Service Act of 1940. This is the determinative fact under section 652(b)(3), and it depends not upon any operation of the legal doctrine of *res judicata*. Such

was the ground upon which the district court entered judgment, from which no appeal was taken, and the time for appeal has expired. Plaintiff's rights under section 652(b)(3) were therefore fixed upon his restoration to duty on February 8, 1949.

It would appear to be unnecessary to consider further theories of recovery advanced by plaintiff independently of section 652 (b)(3), since, notwithstanding assertions to the contrary, we are unconvinced that in any event recovery could exceed that permitted under section 652(b)(3), which is clearly of specific applicability to plaintiff's claim. See for example McCormick v. United States, Ct.Cl., 109 F.Supp. 718, and O'Hare v. United States, Ct.Cl., 109 F. Supp. 715, and Wheeler v. United States, Ct.Cl., 109 F.Supp. 703, wherein recovery under section 308 of the Selective Training and Service Act of 1940, and under a similar provision relating to service in the Merchant Marine, was held limited to a period not exceeding one year.

Under section 652(b)(3) plaintiff is entitled to recover "compensation at the rate received on the date of such removal * * (June 30, 1946) for the period for which he received no compensation with respect to the position from which he was removed * * *, less any amounts earned by him through other employment during such period". On June 30, 1946, plaintiff was receiving compensation at the rate of $6,440 per annum. It is this rate which determines the amount of plaintiff's recovery under section 652(b)(3), and he is not entitled under that section to the general increase in salary which attached to his position on the day following his separation therefrom. Plaintiff is thus entitled to recover for the period from June 30, 1946, through February 7, 1949, in the total amount of $16,796.93, less $2,589.42 earned by him through other employment during such period.

Judgment will therefore be entered for plaintiff in the net amount of $14,207.51.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.

United States Court of Claims.

Edward L. Metzler, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

