Jones, Chief Judge,
delivered the opinion of the court:
This is an action by a veteran and former civil service employee for salary to which he asserts he was entitled for the period June 30, 1946, when he was released from active duty with the Federal Works Agency, to February 8, 1949, when he was restored to duty with pay, pursuant to a final mandatory injunction of the District Court of the United States for the District of Columbia, entered on July 6, 1948.
From October 1942 through November 17, 1943, plaintiff was employed by the Office of Economic Warfare as an Economic Analyst, grade P-5. At the request of the Subcommittee on War Mobilization (the “Kilgore Committee”) of the Senate Committee on Military Affairs, plaintiff, then *188 on permanent status, was transferred in November 1943 to tbe rolls of tbe Federal Works Agency as an Economic Analyst, grade P-6, for detail to and duty with tbe Kilgore Committee, with tbe activities of which he was exclusively engaged until January 3, 1944. Plaintiff thereafter entered the Army, receiving an honorable discharge therefrom on July 21,1945.
Subsequently plaintiff entered a private hospital for medical treatment and then on January 19,1946, made application to the Federal Works Agency for restoration to his former position of Economic Analyst, grade P-6. All details by the Agency to the Kilgore Committee, such as plaintiff formerly had, however, had been abolished during his military service, the assigned reason being that such appointments for the accommodation of Senate Committees had been rendered illegal by the adoption of a Senate resolution and certain decisions of the Comptroller General. Upon inquiry by the Agency the Civil Service Commission advised that the Agency was responsible for plaintiff’s restoration, and on March 1,1946, plaintiff was restored to the Agency’s payroll temporarily as an Economist, grade P-6. The Agency experienced difficulty in making a position assignment for plaintiff in that position, and on March 19, 1946, corrected its notice of March 1, 1946, and restored him to his former position of Economic Analyst, grade P-6, on detail to the Kilgore Committee. That committee, however, discontinued the detail on April 1, 1946, for lack of funds to reimburse the Agency for plaintiff’s services.
By letter dated May 29, 1946, the Agency notified plaintiff that due to a reduction in force he would be released from active duty on the Agency’s rolls at the close of business on June 30, 1946. On that date plaintiff went into a leave status, drawing annual leave until August 12, 1946, thereafter being in a leave-without-pay status, which was ultimately extended to February 8,1949. The record shows appeals by plaintiff from the reduction in force, and various negotiations between plaintiff, the Federal Works Agency, and the Civil Service Commission. On March 28, 1947, plaintiff filed a suit in the District Court of the United States for the District of Columbia for a mandatory injunction *189 requiring his restoration to duty, naming the Administrator of the Federal Works Agency, and the Agency itself as codefendants. As a result of this suit the district court issued an injunction commanding the defendants therein to restore plaintiff “in the same position as, or a position equivalent in rank, seniority and pay status to that from which he was separated on June 30, 1946,” on the grounds that there had been a denial of plaintiff’s rights under the Selective Training and Service Act of 1940, 54 Stat. 885, 50 TJ. S. C. App. § 308. The injunction was issued on July 6, 1948, and plaintiff was ultimately restored to duty effective February 8,1949. On the following day plaintiff submitted his resignation, which was accepted immediately.
Plaintiff seeks recovery for the period from June 30,1946, to February 8,1949, when he was restored to duty pursuant to order of the district court.
Question has been raised in this case as to the effect of the judgment entered by the district court, with particular regard to whether it operates as res judicata in a suit here against the United States as defendant for compensation for loss of salary. Defendant has sought to argue that contrary to the finding of the district court plaintiff was not entitled to the one-year period of reemployment guaranteed in section 308 of the Selective Training and Service Act of 1940, supra, because in fact plaintiff did not make timely application for restoration to his former position after discharge from military service; and that therefore plaintiff is not entitled to recover here. Such defense was not raised in the district court action, and if otherwise material here could be raised only if the judgment in that action were not res judicata against the Government.
The dispute concerning the effect of the district court judgment under section 308, however, we think it unnecessary to resolve here, since it appears that plaintiff is entitled to recover under the provisions of the act of June 10, 1948, 5 U. S. C. § 652 (b) (3), reading as follows:
(3) Any person removed or suspended without pay in a reduction in force who, after an appeal to proper authority, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted shall be paid compensation at the rate re *190 ceived on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. A decision with respect to any appeal to proper authority under this paragraph shall be made at the earliest practicable date.
There can be no question but that plaintiff meets all the requirements of this statute. The action taken with respect to plaintiff on June 30,1946, constituted removal without pay in a reduction in force. After appeal to proper authority, ultimately the district court, plaintiff was reinstated or restored to duty on February 8, 1949. It is an indisputable fact that the ground upon which his reinstatement was effected was that his removal was unjustified and unwarranted under the Selective Training and Service Act of 1940. This is the determinative fact under section 652 (b) (3), and it depends not upon any operation of the legal doctrine of res judicata. Such was the ground upon which the district court entered judgment, from which no appeal was taken, and the time for appeal has expired. Plaintiff’s rights under section 652 (b) (3) were therefore fixed upon his restoration to duty on February 8,1949.
It would appear to be unnecessary to consider further theories of recovery advanced by plaintiff independently of section 652 (b) (3), since, notwithstanding assertions to the contrary, we are unconvinced that in any event recovery could exceed that permitted under section 652 (b) (3), which is clearly of specific applicability to plaintiff’s claim. See for example McCormick v. United States, C. Cls. No. 364-52, and O'Hare v. United States, C. Cls. 376-52, both this day decided, and Wheeler v. United States, C. Cls. No. 74-52, decided December 2, 1952, wherein recovery under section 308 of the Selective Training and Service Act of 1940, and under a similar provision relating to service in the Merchant Marine, was held limited to a period not exceeding one year.
Under section 652 (b) (3) plaintiff is entitled to recover “compensation at the rate received on the date of such removal *191 (June 30,1946) for the period for which he received no compensation with respect to the position from which he was removed, less any amounts earned by him through other employment during such period.” On June 30, 1946, plaintiff was receiving compensation at the rate of $6,440 per annum. It is this rate which determines the amount of plaintiff’s recovery under section 652 (b) (3), and he is not entitled under that section to the general increase in salary which attached to his position on the day following his separation therefrom. Plaintiff is thus entitled to recover for the period from June 30, 1946, through February 7, 1949, in the total amount of $16,796.93, less $2,589.42 earned by him through other employment during such period.
Judgment will therefore be entered for plaintiff in the net amount of $14,207.51.
It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
PINDINGS OP PACT
The court, upon the evidence, the report of Commissioner C. Murray Bernhardt, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff is a citizen of the United States and a resident of New York. After over six years of employment by the Federal Government, he was given a permanent civil service status effective January 1,1943.
2. From October 1942 through November 17,1943, plaintiff was employed by the Office of Economic Warfare as an Economic Analyst, grade P-5. At the request of the Subcommittee on War Mobilization (hereafter “Kilgore Committee”) of the Committee on Military Affairs, United States Senate, plaintiff was transferred effective November 18,1943, to the rolls of the Federal Works Agency (hereafter “Agency”) as an Economic Analyst, grade P-6, at $5,600 per annum, for detail to and duty with the Kilgore Committee. In advance of this transfer plaintiff was notified that it would be an “indefinite war service appointment.”
3. From November 18, 1943, to January 3, 1944, plaintiff was exclusively engaged in the activities of the Kilgore Com *192 mittee on detail from the Agency, and his salary was paid from Agency appropriations.
4. From January 3,1944, to July 21,1945, plaintiff was on military furlough from the Agency’s roll and was honorably discharged from the United States Army on the latter date.
5. During the period of plaintiff’s military service the Agency abolished and terminated all details to the Kilgore Committee such as plaintiff had prior to entering military service, assigning as reason therefor the illegality of such appointments for the accommodation of Senate Committees because of the adoption of Senate Resolution 11 of the 79th Congress on February 15, 1945, and certain decisions of the Comptroller General.
6. From October 24, 1945, to January 19, 1946, plaintiff was under medical care at a private hospital. On January 23, 1946, he applied to the Agency for restoration to his former position, stating in part:
Within one week after discharge [i. e., from military service] my state of health made it necessary for me to seek private hospitalization immediately. While effecting arrangements to enter a hospital, I was under private medical care.
7. In its letter dated February 5,1946, to the Civil Service Commission (hereafter “Commission”) seeking advice as to the Agency’s responsibility for plaintiff’s restoration, the Agency stated in pertinent part as follows:
* * * On July 21,1945, Mr. Green received an honorable discharge from the army. Within a reasonable time thereafter the status of his health made it necessary to seek private hospitalization which continued through January 19,1946. On January 23,1946, he made formal application, in due order as provided by law, to this Agency for restoration to his position. As provided under D. C. 532 his period of hospitalization was considered as being time in service and the 90 days required for application began with his discharge from the hospital on January 19,1946.
8. Pursuant to inquiry by the Agency, the Commission advised the Agency by letter dated February 21, 1946, that it was responsible for plaintiff’s restoration “since it was indicated that plaintiff had been officially employed by the Agency.”
*193 9. On March 1, 1946, plaintiff was placed on the pay roll of the Agency temporarily as an Economist, grade P-6, at $6,440 per annum. By this the Agency accorded plaintiff “regulatory” reemployment rights.
10. Having experienced difficulty in making a position assignment for plaintiff in his grade as P-6 Economist, on March 19,1946, the Agency corrected its notice of March 1, 1946, to plaintiff by restoring him to his former position as Economic Analyst, grade P-6, at $6,440 per annum, on detail to the Kilgore Committee.
11. The Kilgore Committee discontinued plaintiff’s detail as of April 1, 1946, due to lack of funds to reimburse the Agency for his services. The evidence does not disclose whether the Kilgore Committee had reimbursed the Agency for plaintiff’s salary during the period of his restoration to duty on detail to the Kilgore Committee from March 19, 1946.
12. By letter dated June 20,1946, the Comptroller General advised the Agency that the latter’s appropriation was not available for payment of plaintiff’s salary while on assignment to the Kilgore Committee, absent compliance with Senate Resolution 77 of the 79th Congress, as amended, supra.
13. By letter dated May 29, 1946, received by plaintiff on June 4, 1946, the Agency notified plaintiff that he would be released from active duty on the Agency’s rolls at the close of June 30, 1946, as part of a reduction in force program. Plaintiff filed a timely appeal to the Commission on June 12, 1946.
14. With permission of the Agency, plaintiff physically absented himself from the Agency from May 3,1946, to June 30,1946, and diligently sought Federal government employment of comparable pay and status elsewhere, without avail.
15. Plaintiff left the Agency on annual leave status at the close of June 30, 1946, and continued in that status until the expiration of his annual leave at the close of five hours on August 12, 1946. Thereafter, he remained on the Agency’s rolls on a leave-without-pay status through February 7,1949.
16. Plaintiff’s appeal to the Commission was investigated by Thomas J. Hester, an investigator for the Commission. *194 Hester interviewed plaintiff, reviewed his file, and conducted an inquiry into the circumstances of the case. In order to determine whether plaintiff was qualified for a position as an economist or as an administrative officer in the Agency, Hester requested plaintiff to supply him with more specific and detailed information respecting his prior experience than appeared in his personnel file. Despite Hester’s strenuous efforts by telephone from before the end of June 1946, to get plaintiff to provide such information, plaintiff did not submit the information until October 22,1946, by a Form 57 dated October 15, 1946. Upon completion of his investigation Hester concluded that “There is no position in the FWA for which Mr. Green is qualified,” but recommended that the Agency’s action in discharging plaintiff be disapproved because he “should have been credited with statutory rights, which would have protected him in his position for one year” upon his return from military furlough.
17. By letter dated November 14,1946, to the Agency, the Commission disapproved the Agency’s action in separating plaintiff from his position, and recommended his restoration to a continuing position of equal seniority, status and pay.. The letter follows:
Mr. George H. Field, Commissioner,

Federal Works Agency,

Bureau of Com/munity Facilities,

Washington D. C.

Dear Mr. Field : We have an appeal filed by Mr. Carl P. Green against your notice of separation of May 29, 1946, advising him that due to a reduction in force his active duty would terminate on June 30, 1946, after which he would be placed on furlough or leave without pay status and would be separated on December 31,1946.
According to the information submitted by the appellant and additional information secured by this office from representatives of your office, Mr. Green was reemployed on March 1, 1946, after completion of military duty. He is, therefore, entitled to retention in the service for one year unless separated for cause.
A war veteran restored to a permanent position under statutory provisions requiring his retention for at least one year, has the highest retention preference classification of A-l plus in the event of reductions in force under the regulations of the Civil Service Commission, pro *195 mulgated under authority of Section 12 of the Veterans’ Preference Act of 1944, which all departments are required to follow. These regulations prohibit the separation of an employee in the retention preference classification A-l plus even when he is reached on the retention preference register, but requires that he be given a transfer to some continuing position of equal seniority, status and pay, at least for the balance of the year, during which he has superior retention rights as a result of restoration to civilian duty following his period of military service.
As the action of your agency which separated Mr. Green from his position was not in compliance with the provisions, intent, and purpose of the Veterans’ Preference Act, this action must be disapproved. It is recommended, therefore, that you take steps immediately to restore Mr. Green. This letter may be used as your authority to restore him.
Very truly yours,
(Signed) L. A. Mover, Executive Director and Ohief Examiner.
18. On prior occasions plaintiff had been advised by the Agency that it did not have a P-6 or similarly graded position within the Agency to which he could be assigned to duty.
19. As of May 5,1947, there were no positions open in the Agency at the P-6 level which were comparable or equivalent to the position held by plaintiff on the Kilgore Committee. An investigation of his qualifications by the Commission resulted in the determination that plaintiff was not rated eligible for an administrative position higher than grade CAF-11.
20. By the following letter dated May 5,1947, the Agency tendered plaintiff, subject to approval by the Commission, a specially created position as an Organization & Methods Examiner, grade CAF-11, at $5,905.20 per annum:
Mav 5,1947.

REGISTERED MAIL

Mr. Carl P. Green,
111216 Street, NW.,
Washington, D. O.
Mv Dear Mr. Green : In line with the conversation between our Assistant General Counsel, Mr. Maxwell Elliott, and your attorney, Mr. Warren L. Sharfman, on *196 Monday, April 28, the Federal Works Agency offers you a position in the Bureau of Community Facilities, one of our constituent organizations, as an Organization and Methods Examiner, CAF-11. Although the entrance salary for grade CAF-11 is $4,902.00, the Bureau of Community Facilities has agreed to recall you from furlough and to effect your appointment at the maximum of the grade which is $5,905.20. As explained to your attorney by Mr. Elliott, the Federal Works Agency does not have available in the Agency a P-6 position as an Economic Analyst comparable to the position occupied by you when detailed to the Kilgore Committee.
The offer of the CAF-11 position is made without the final approval of the Civil Service Commission for your appointment in this grade. However, we are sure that with the additional information which you will be in a position to furnish their approval will be officially secured.
A copy of this letter is being forwarded to the Civil Service Commission. In order to carry out the responsibilities of the Federal Works Agency, it is essential that we receive your answer to this proposal not later than 10 days from receipt of this letter.
A copy of this letter is also being forwarded to your attorney, Mr. Sharfman.
Sincerely yours,
(Signed) W. N. Kehlaender,
W. N. Kehlaender, Director of Personnel.
Plaintiff rejected this offer on May 12, 1947, for the assigned reasons that the offer did not fulfill the Agency’s obligations under the ruling of the Commission to restore him to a P-6 position or one of equal pay and status, that the offer of the new position was for only a period of eight months, and that the position offered would be a make-shift assignment which would not impose duties on plaintiff. At no time between June 30,1946, and February 7,1949, did the Agency offer a P-6 position to plaintiff or one of equal pay and status. No evidence or testimony was taken or offered as to what plaintiff’s earnings would have been had he accepted the CAF-11 employment and continued in the same through February 7,1949.
21. By the following letter dated June 11,1947, the Chief of the Efficiency Ratings, Personnel Classification Division *197 of the Civil Service Commission, advised the Agency that the offer of the CAF-11 position to plaintiff was a proper one and his rejection of it relieved “the Agency of any further responsibility with respect to the placement of Mr. Green”:
June 11, 1947.
Mr. W. N. Rehlaender,
Director of Personnel,
Federal Worles Agency,
Washington 05, D. O.
Dear Mr. Rehlaender: Reference is made to your letter of May 15, 1947, with respect to the offer made to Mr. Carl P. Green of a position as an Organization and Methods Examiner, grade CAF-11.
From the information on hand in the Civil Service Commission, it would appear that Mr. Green was transferred to the Federal Works Agency as an Economic Analyst, P-6, Office of the Administrator, for the purpose of detailing him to the Kilgore Committee. Shortly after his transfer he went on military furlough from which he was restored to duty as an Economic Analyst, P-6, Bureau of Community Facilities, on September 27, 1945. Upon the termination of his duties with the Kilgore Committee, he was furloughed as the Federal Works Agency did not have a position as Economic Analyst for winch Mr. Green would qualify. He was not rated eligible for an administrative position higher than grade CAF-11.
The offer to Mr. Green of a CAF-11 position is, therefore, a proper one. His declination of the position offered, copy of which you furnished this office, relieves the agency of any further responsibility with respect to the placement of Mr. Green.
Very truly yours,
(Signed) John A. Overholt,
John A. Overholt, Chief,
Efficiency Ratings, Administration Section, Personnel Classification Division.
22. Plaintiff filed a suit in the District Court of the United States for the District of Columbia on March 28, 1947, for a mandatory injunction requiring his restoration to duty and for the rights which would have accrued to him but for his unlawful severance from active duty, including back pay, annual leave and pay increases (Green v. Philip B. Fleming, *198 as Administrator of the Federal Works Agency, with the Federal Works Agency as codefendant, Civil Action No. 1331-47). On June 16, 1948, at the conclusion of hearings on motion and cross-motion for summary judgment, the court, in the following opinion and colloquy, granted plaintiff’s motion:
Washington, D. C., Ju/ne 16,1948.

Opinion of the Court

The Court (Holtzoff, J.). I am going to grant the plaintiff’s motion for a summary judgment on the authority of the case of Harvey A. Edge v. Civilian Production Administration reported in 75 Washington Law Hep or ter at page 213 in which similar relief was granted by Mr. Justice Letts.
The Court is of the opinion that a government agency may not defeat a veteran’s right to a preference under the Selective Training and Service Act by making the bald statement that they have no similar position. If that were possible, then the veteran’s preference provisions could be defeated at any time at the whim or will of the government agency. The will of Congress may not be flaunted in this manner, especially as it is a public policy to restore men who have served their country in time of trouble to the same civilian status before they were inducted or before they enlisted in the armed forces.
The Court will grant the plaintiff’s motion.
Mrs. Hunt (attorney for defendants). May I ask a question?
The Court. Yes, indeed.
Mrs. Hunt. Is that restoration effective as of the date he was separated or is it effective as of today?
The Court. I think it should be made effective as of the date he was separated for the purpose of any increases of salary or any rights that might have accrued in the meantime but I think he is entitled to the eight months’ employment on the date he commences serving them.
Mrs. Hunt. So that he is restored as of the date of separation for all purposes. I want to clarify it for the agency.
The Court. Not for all purposes.
Mrs. Hunt. For purposes of salary.
*199 The Court. Not for all purposes because the year to which he is entitled to preference had still eight months to run at the time he was discharged from the agency and my ruling is that he is entitled to be employed for that length of time.
Mrs. Hunt. For eight months ?
The Court. Yes; or whatever the exact time is.
Mrs. Hunt. But it doesn’t extend to the period from June 30,1946 up to the present time plus eight months?
The Court. No ; except that if he has any rights under the Retirement Act which might be defeated by reason of the lapse in service, for all those purposes, I would have my order provide that the restoration is of the day-
Mrs. Hunt (interposing). He is still on the rolls “on leave without pay status.” He has never been separated.
The Court.^ I think all these matters should be taken up in connection with discussing the formal judgment. Perhaps counsel can agree among themselves and, if not, I will hear you.
Mr. Rosenberg (attorney for plaintiff). Yes, Your Honor.. There is one other question. The agency now says on June 30 it will cease to carry plaintiff on a non-pay status and drop him from the rolls. I take it that your judgment will require his reinstatement so we don’t have to file a continuation by motion to have him maintained in that status ?
The Court. I am granting plaintiff’s motion for summary judgment and denying defendant’s motion. Counsel will submit both formal judgments.
On July 26,1948, the following final judgment was entered in the case:

Finad Judgment

This cause having come on to be heard on the motion of defendant for summary judgment and the cross motion of plaintiff for summary judgment, on facts duly stipulated by plaintiff and defendant, and the same having been fully argued by plaintiff and defendant, it is by the Court this 23d day of July 1948.
Ordered that the motion for summary judgment on behalf of the plaintiff be and the same is hereby granted, a final mandatory injunction prayed for by plaintiff be and the same is hereby granted, and the defendants, Federal Works Agency and Phillip B. Fleming be and they are hereby commanded to restore forthwith plaintiff to *200 duty and pay status as of June 30, 1946, in the same position as, or a position equivalent in rank, seniority and pay status to that from which he was separated on June 30,1946, that plaintiff is to have the benefit of all rights, emoluments and privileges flowing from a continuity of service on June 30, 1946, to the date hereof and henceforth, including all administrative promotions to which plaintiff was entitled from June 30, 1946, to date and henceforth, and that plaintiff is to be maintained in said employment for a minimum period of eight months from the time of his restoration to active duty, during which period he shall not be discharged, furloughed, demoted or reduced in rank, seniority status or pay except in accordance with applicable law. For the purpose of administrative promotions it is to be assumed that plaintiff would have received an efficiency rating of “Good” or better.
Nothing in this order shall be taken to confer on plaintiff any greater rights than he would have had if he had not been wrongfully discharged on June 30,1946.
By the Court.
(Signed) Alexander Holtzopp,

Associate Justice.

Approved as to form.

Attorney for Defendants.

(Signed) Allan R. Rosenberg,
Allan R. Rosenberg, Attorney for Plaintiff.
None of the defenses raised by defendant in that action was based on the fact that plaintiff had not applied for a restoration to his position within 90 days of the date of his discharge from military service or that plaintiff’s hospitalization after his discharge from military service began more than 90 days thereafter and that, as a consequence, plaintiff was not entitled to be rated A-l plus. That information was available to defendant at the time or, by exercise of reasonable diligence, could have been available to defendant.
There was no appeal from the judgment and the time for appeal has expired.
23. Pursuant to the final judgment of the district court entered on the ground that plaintiff’s removal had been unjustified and unwarranted under the Selective Training and *201 Service Act of 1940, plaintiff was restored to the Agency rolls effective February 8, 1949, as an Economic Analyst, grade P-6-120, at $8,150.40 per annum. On February 9, 1949, at 11:15 a. m. plaintiff resigned, and the Agency accepted his resignation effective that day.
24. Plaintiff has demanded from the Agency his salary and the lump sum payment value of his accumulated and accrued annual leave for the period July 1, 1946, through February 7, 1949, which demand has been refused by the defendant.
25. The compensation plaintiff was receiving on June 30, 1946, the effective date of his removal in the reduction in force, was at the rate of $6,440 per annum. Had plaintiff been employed at this rate for the period of his removal from June 30, 1946, to February 8, 1949, he would have received $16,796.93.
While plaintiff was paid the sum of $864.72 for accumulated and accrued leave beginning June 30, 1946, through August 12, 1946, this represented an accumulation prior to June 30, 1946, and was not compensation for any work performed subsequent to June 30,1946, with respect to the position from which he was removed on that date.
The net amounts earned by plaintiff through other employment during the period June 30, 1946, to Februarv 8, 1949, was $2,589.42.
The compensation plaintiff would have received had he not been removed from his position on June 30, 1946, computed for the period of removal from June 30,1946, to February 8,1949, at the rate received on the date of such removal, less the amounts earned through other employment during such period ($16,796.93 less $2,589.42) leaves a difference of $14,207.51.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is entitled to recover, and it is therefore adjudged and ordered that he recover of and from the United States fourteen thousand two hundred seven dollars and fifty-one cents ($14,207.51).