**Paul D. KALV**

v.

**The UNITED STATES.**

**No. 50345.**

United States Court of Claims.

May 4, 1954.

---

Webb C. Hayes III, Washington, D. C., for plaintiff.

S. R. Gamer, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Arthur E. Fay, Washington, D. C., was on the brief.

JONES, Chief Judge.

This is a suit by plaintiff, a preference eligible under section 14 of the Veterans' Preference Act of 1944, 58 Stat. 387, as amended, 5 U.S.C.A. § 863, to recover back salary for the period following his alleged illegal removal from his position with the Department of the Army and until his restoration to the position from which he had been removed.

According to the pleadings and admissions plaintiff performed honorable service in the Army from February 17, 1943, to January 1945.

On June 12, 1946, plaintiff received what is termed an excepted appointment as equipment engineer with a base salary of $5,905.20 per annum, plus an overseas differential of 25 percent.

The job was under the Supreme Command Allied Powers in Japan and was authorized pursuant to requisition. Plaintiff left the City of Washington on August 18, 1946, following his appointment. Upon his arrival in Japan he took up his duties.

On August 21, 1947, plaintiff was advised in writing by the Acting Assistant Adjutant General that he was being separated from his position as equipment engineer on the ground that he had failed to cooperate with his superiors, that he did not pass personal knowledge on to his subordinates, and had refused to respect headline dates; that after completion of a 10-month trial period he had proved to be unsatisfactory.

Plaintiff requested a chance to appeal to higher authority concerning the charges made. On August 27, 1947, an efficiency rating committee of the Headquarters Eighth Army met with plaintiff to discuss the efficiency rating given him for the period August 19, 1946, to June 19, 1947. The committee decided that the efficiency rating would stand as unsatisfactory, but that plaintiff would stay on the job until September 21, 1947, the expiration date of his contract in Japan.

On September 1, 1947, plaintiff sailed from Yokohama and after arrival in the United States, he, on November 29, 1947, directed a letter to the Secretary of the Army in which he related the events which led up to the notice of dismissal. He requested the removal of the unsatisfactory efficiency rating from his file, which was subsequently denied. Effective December 7, 1947, plaintiff was separated from the Department of the Army.

Plaintiff appealed to the Civil Service Commission by letter dated September 9, 1948, some months after the time of his dismissal. The Commission, under authority of section 22.3 of its regulations which allows it to consider untimely appeals, accepted plaintiff's appeal, and by letter dated December 10, 1948, notified plaintiff that it had found that he had not been sufficiently advised of the charges placed against him, and that as a result thereof his dismissal was procedurally defective. It was also stated in the letter that it had been recommended that plaintiff be restored to the position from which he was removed, effective December 7, 1947, and that such recommendation would become final unless the Department of the Army submitted an appeal within seven days. The Department of the Army did not exercise its right of appeal, and subsequently, effective February 12, 1949, plaintiff was restored to his position with the Army. He brings suit for his salary for the period between

his dismissal and his restoration, plus 25 percent overseas differential, less amounts which he received from other employment during such period.

In accordance with our decisions in the cases of Green v. United States, 109 F. Supp. 720, 124 Ct.Cl. 186; O'Brien v. United States, 124 Ct.Cl. 655; Garcia v. United States, 108 F.Supp. 608, 123 Ct. Cl. 722, and Mendez v. United States, 96 F.Supp. 326, 119 Ct.Cl. 345, plaintiff is entitled to recover at his base compensation rate for the period November 8, 1947, to February 11, 1949, less the amount of his earnings from other sources for such period.

Defendant concedes that if the principles laid down in the cited decisions are followed the plaintiff is entitled to recover on that basis.

The primary issue to be decided is whether plaintiff is also entitled to receive the 25 percent overseas differential which was being paid him during his service abroad.

Plaintiff contends that because he was drawing the overseas additional allowance at the time of his dismissal he should be restored on that basis. The defendant contends that since he was not abroad during the period of his dismissal he is not entitled to the additional compensation allowed to overseas employees.

The various provisions included in legislative and appropriation bills and the executive orders issued from time to time in connection with overseas service indicate the reasons for allowing the additional compensation. For example, section 207 of the Independent Offices Appropriation Act of 1949, as amended,[1] stipulated that any appropriation or funds available for additional compensation based on living costs substantially higher than in the District of Columbia, or conditions of environment which differ substantially from conditions of environment in the states shall be available where one or both of such factors are present.

Under Executive Order No. 10000 dated September 16, 1948,[2] the President directed the Secretary of State to fix additional compensation rates, as well as the foreign areas to which they applied, limited, however, by the order to the establishment of a foreign post differential "when and only when, the place involves any one or more of the following: (a) extraordinarily difficult living conditions, (b) excessive physicial hardships, or (c) notably unhealthful conditions."

The order further stipulated that payments should begin as of the date of arrival at the post on assignment, and should stop as of departure from the post for separation, transfer or detail, except that in case of local recruitment payment should begin and stop as of the beginning and end of the employment.

We agree with the position taken by the defendant. Every provision of law and every executive order which we have been able to find which bears upon this subject indicates that the reason for the differential is either the increased expense of living abroad, or the difference in environment involving physical hardship, health or extraordinarily difficult living conditions.

Plaintiff was abroad not a single day during the period for which he is claiming the additional compensation. All the reasons, therefore, for allowing the additional compensation are removed from the case, and this portion of the claim is left hanging on a bare technicality.

The litigants have agreed on the amount which plaintiff is entitled to recover at the basic salary rate, and also the amount which he is entitled to recover if he is allowed the 25 percent differential. They have also agreed upon the amount which plaintiff earned from other sources during the period of the claim.

In accordance with these stipulations plaintiff is entitled to recover the sum of $4,711.53.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.

1. 62 Stat. 1205, 5 U.S.C A. § 118h.
2. 5 CFR 301.1 to 301.63 (1949 Ed.), U.S. Code Congressional Service 1948, p. 2766.