Warren G. SCHALLER

v.

The UNITED STATES.

No. 534-57.

United States Court of Claims.
Jan. 11, 1963.

Thomas A. Ziebarth, Washington, D. C., for plaintiff. Carl L. Shipley and Shipley, Akerman & Pickett, Washington, D. C., on the briefs.

Sheldon J. Wolfe, Washington, D. C., with whom was Acting Asst. Atty. Gen. Joseph D. Guilfoyle, for defendant.

LARAMORE, Judge.

On April 7, 1961, judgment was entered for plaintiff and the case was returned to the commissioner of this court for a determination of the amount of recovery under Rule 38(c) of the Rules of this court. Subsequently, the parties entered into and filed with the court a stipulation containing facts necessary to a determination of the amount due plaintiff.

The stipulation discloses that the gross amount of pay lost by plaintiff between July 31, 1957 and October 16, 1961 is shown in two ways. Item "A" shows the loss of pay including the legislative salary increases and within-grade salary advancements to which plaintiff would have been entitled had he not been separated. Item "B" shows the loss of pay for the same period exclusive of statutory or in-grade increases.

Item "A" (with increments) ..................$52,698.95
Item "B" (without increments) .................. 46,263.69

The value of annual leave to which plaintiff claims he would have been entitled during the period July 31, 1957 to October 15, 1961 amounts to $3,952.31, inclusive of increments. The claimed value of annual leave was determined by multiplying six hours of leave accruing each pay period by the hourly amount plaintiff would have been paid in salary

but for the separation, including increments. Exclusive of increments, the value of said annual leave amounts to $3,468.71.

During the period July 31, 1957 to October 15, 1961, plaintiff's only outside earned income consisted of his salary from a position with the U. S. Post Office. His total income from that position was $21,462.79.

It is plaintiff's position that he is entitled to recover back pay including all legislative and in-grade increases to which he would have been entitled had he not been separated from the Government service, diminished by actual outside earned income, plus the value of annual leave to which he claims he would have been entitled between the date of separation and the date of his re-employment by the Renegotiation Board, diminished by the value of the annual leave actually earned during his interim employment with the Post Office Department for a net total of $33,578.19.

It is defendant's position that plaintiff is entitled to recover only back pay between the date of separation and the date of re-employment by the Renegotiation Board, exclusive of legislative and in-grade increases, and exclusive of the claimed value of annual leave, and as lessened by outside earnings for a net total of $24,800.90.

Therefore, the questions to be decided are: (1) Is plaintiff entitled to recover the legislative and in-grade increases which would have accrued to him had he not been wrongfully separated, and (2) Is plaintiff entitled to recover the value of annual leave he would have earned had he not been separated?

The Lloyd-LaFollette Act, 5 U.S.C. § 652, provides in pertinent part, as follows:

"(b) (1) Any person removed or suspended without pay * * * who, * * * is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, * * * less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period."

This court has held [1] that a person falling within the terms of the above Act is entitled to recover no more or less than the rate of pay he was receiving on the day of his removal. We glean from the above decision a reasoning by the court that since the employee was not then receiving additional pay because of legislative increases or in-grade promotions, those increases could have no effect on the rate of compensation the employee was receiving *on the date* of such removal or suspension.

While plaintiff did not technically come within the terms of the Lloyd-LaFollette Act, supra, when he was separated, because he did not then enjoy civil service status, this court in its initial opinion held that he was improperly denied such status, and it was upon this ground that we held plaintiff entitled to recover. Therefore, since his entitlement to recovery was based upon this improper action, the practical effect of the decision is that plaintiff be restored to the payroll and converted to status. True, we cannot order this conversion, yet we can and do award damages based upon such a result. Under these circumstances our holding now is that we have placed plaintiff in a position where he is receiving an award based upon his proper civil service status. Consequently, in these circumstances plaintiff's recovery is governed by the terms of the Lloyd-LaFollette Act, supra; i. e., at the rate of compensation on the date of removal, less outside earnings. This amount, as stipulated, would be $46,263.69, less out-

---

1. O'Brien v. United States, 124 Ct.Cl. 655. See also Order in Cathie Lee Clark v. United States, No. 464–58, entered January 19, 1962.

side earnings in the amount of $21,-462.79, or a net of $24,800.90.

The second and final question respecting payment for annual leave plaintiff would have earned had he not been wrongfully separated has been fully answered by this court in the case of Zeiger v. United States, No. 389–60, 295 F.2d 915. Zeiger was restored under the Act of August 26, 1950, 5 U.S.C. § 22–1. This Act makes no specific mention of annual leave. However, the court therein held that Zeiger, during the period of suspension, did not work for the Government, did not earn the additional leave, and was not entitled to recover. This case appears stronger for the proposition that plaintiff is not entitled to recover the value of annual leave for this reason —the Lloyd-LaFollette Act, supra, under which we hold plaintiff is entitled to recover, specifically excepts the accumulation of leave. Consequently, plaintiff is not entitled to be paid the value of leave he would have earned had he not been separated.

Defendant makes a belated argument that the Lloyd-LaFollette Act, supra, has no application to plaintiff in this case and that plaintiff is entitled to nothing. However, we think the decision of this court rendered April 7, 1961, and the subsequent judgment for plaintiff on the question of liability, is dispositive of the issue and law, at least as applies to this case, and that plaintiff is entitled to recover. This is especially true in the light of this opinion holding that plaintiff's recovery is under and limited by the Lloyd-LaFollette Act, supra.

Plaintiff is entitled to recover the sum of $24,800.90, and judgment is entered in that amount.

REED, Justice (Retired), sitting by designation, JONES, Chief Judge, and DURFEE and WHITAKER, Judges, concur.

DAVIS, Judge, took no part in the consideration and decision of this case.