Booth, Judge,
reviewing the facts found to be established, delivered the opinion of the court.
The plaintiff, Louis H. Eberlein, held the office of United States storekeeper in the customs service in and for the port of New York; he had been advanced to this position through two promotions. On May 9, 1910, the plaintiff was suspended from duty without pay, to take effect at the close of the above business day. The cause for his suspension was the preferment of certain charges wherein he was alleged to have been involved in the underweighing frauds perpetrated by certain customs officials against the United States. The charges made were extremely serious, both from a moral and legal view, and if proven convicted him of having accepted money bribes from certain importers to underweigh cargoes of sugar and thereby defraud the Government. The plaintiff answered the charges in writing and under oath specifically denied guilt, asserting with much positiveness that as to him the charges were a mistake. On May 26,1910, plaintiff was removed from office because of said charges. In May, 1912, two years subsequent to his removal, plaintiff induced the Attorney General of the United States to rein-vestigate his record. The Attorney General after a careful and detailed investigation did, on June 11, 1912, report in writing to the Secretary of the Treasury in effect that the charges were not sustained and the plaintiff should be reinstated. Mr. Nelson M. Henry, surveyor of the port, on June 5, 1912, made to the collector of customs a similar report after an investigation. On December 8, 1912, President Taft, by an Executive order of that date, and in pursuance of a still further investigation of the matter, directed the reinstatement of the plaintiff, and on December 16, 1912, the collector did reinstate him in his former position. This suit *471 is to recover the salary of the office held by the plaintiff from the date of his removal therefrom to the date of his reinstatement.
Article 1385 of the Customs Laws and Regulations of 1908 provides as follows:
“ Subordinate customs officers are removable by the Secretary of the Treasury. The name of any subordinate officer whose removal is deemed necessary or proper is to be reported to the Secretary of the Treasury, with a full statement of the reasons therefor, and no removal shall be made from any position subject to competitive examination except for just cause and upon written charges filed with the head of the department or with another appointing officer, of which the accused shall have full notice and an opportunity to make defense.”
There are cexlain features of the case which are admitted. The plaintiff was an appointee in the classified service and the office he held was likewise subject to said service. The innocence of the plaintiff must also be conceded, not that it is by the defendants; nevertheless the record precludes a contrary assertion. It is also apparent that the proceedings followed to remove and subsequently reinstate the plaintiff were regular and followed the law. The officers of the defendants participating therein were duly authorized and empowered to do the things they did do. With these features of the case removed from consideration the issue is narrowed and we are alone to detei%iine whether the reinstatement of the plaintiff operated to continue him in office during the period of his removal.
The intent and spirit of the civil service law and the regulations promulgated thereunder need at this time no elaboration. The plaintiff was removed in accord with their provisions, and the question as to just cause was left with the executive authorities, the courts dealing alone with any departure from the law itself. The discretionary power of the executive officer authorized to act is final and not subject to reveiw by the courts. Keim v. United States, 177 U. S., 290.
In so far as cited authorities extend the instant case seems sui generis. If the civil service law has been complied with the courts are prevented from going further. The plaintiff *472 received the full measure of his rights under the law; he was accorded all the privileges it extends, and his removal from office was in strict accord therewith. The charges resulting in his removal from office were preferred in writing, his answer thereto in writing was duly filed, and the record thus made was before the proper officer for his final action.. The officer removed him and from his decision there was no direct appeal provided by law. The proceedings subsequent to his lawful separation from office simply reinstated him in the classified service, made him reeligible to appointment, and subsequently resulted in his reinstatement in the Government service. The word “ reinstatement ” was used, but not in a strict technical sense as intending to nullify all that had been done before and return the plaintiff to his exact forager state in the service. The final action by the President reinstated the plaintiff in the classified service, not the Government service; it would hardly be contended that if no position had then been open for the appointment of the plaintiff he would in virtue of the President’s proclamation have been entitled to the position from which he had been removed. The charges upon final review were found to have been without merit. The record convinced the officers having charge thereof that a wrong had been done the plaintiff, and the righting of the wrong found expression in the publig proclamation of the President. The plaintiff’s removal was in effect set aside and he himself restored to eligibility in the Government service despite the lapse of time and whatever intervening obstacles obstructed his path by reason of the charges made against him. It did not and was not intended to convert his removal into a mere ■ suspension from duty. The legal effect was not to nullify his lawful removal, but to set it aside and render him eligible to again be appointed to the office from which he had been removed. An Executive act was indispensable, without which the plaintiff was ineligible for appointment to any position in the classified service.
The petition is dismissed. It is so ordered.
Hay, Judge; Downey, Judge; Barney, Judge; and Campbell, Chief Justice, concur.