## GADSDEN v. UNITED STATES.

### No. 48563.

Court of Claims.

June 1, 1948.

Leon A. Ransom, of Washington, D. C., for plaintiff.

Henry Weihofen, of Washington, D. C., Asst. Atty., H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and WHITAKER, HOWELL, MADDEN and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff, a former employee of the Veterans Administration of the United States, sues for the salary of which he alleges he has been illegally deprived. He alleges that on July 26, 1947 he was discharged from his position with the Veterans' Administration "without cause, wrongfully, illegally and maliciously." The defendant demurs on the ground that his petition does not allege facts sufficient to state a cause of action.

Section 6 of the Act of August 24, 1912, 37 Stat. 539, 555, U.S.C.A., Title 5, § 652 provides in part:

"That no person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person whose removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing; and affidavits in support thereof; but no examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer making the removal; and copies of charges, notice of hearing, answer, reasons for removal, and of the order of removal shall be made a part of the records of the proper department or office, as shall also the reasons for reduction in rank or compensation; * * *."

Plaintiff's counsel admitted in argument that the procedural requirements of this Act had been complied with, but he says that plaintiff was not discharged for "such cause as will promote the efficiency of said service," but that, on the contrary, he was discharged without cause and maliciously.

■ We have heretofore held in a number of cases that an employee of the United States Government cannot be discharged from his position and deprived of the emoluments thereof unless the procedure laid down by the Act of 1912 as a condition precedent to his discharge had been complied with. See e. g. Elchibegoff v. United States, 106 Ct.Cl. 541; Id., 329 U.S. 694, 67 S.Ct. 629, 91 L.Ed. 613; Wittner v. United States, Ct.Cl., 76 F.Supp. 110; Borak v. United States, Ct.Cl., 78 F.Supp. 123; but, on the contrary, the Supreme Court and this Court have held that if the procedural requirements are complied with we have no jurisdiction to review the cause for the removal. Eberlein v. United States, 53 Ct.Cl. 466; Id., 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 33 Ct.Cl. 174; Id., 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Charles J. Culligan v. United States, 107 Ct.Cl. 222; Id., 330 U.S. 848, 67 S.Ct. 1092, 91 L.Ed. 1292. The determination of whether or not a person's discharge would promote the efficiency of the Government service is vested in the administrative officer and no court has power to review his action if that action was taken in good faith.

■ On the other hand, if the administrative officer did not act in good faith, if he in fact did not discharge the employee for a cause that would promote the efficiency of the service, but if, on the other hand, he was motivated alone by malice toward the employee, there would seem to be but little doubt that the employee's rights under the Act of 1912 have been violated. That Act says, that "no person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service." If, as a matter of fact, he was removed not for a cause that promoted the efficiency of the service, but maliciously, merely because his superior did not like him, or merely because he wanted his job for some friend of his, then obviously the employee's discharge was wrongful and illegal and, therefore, he is entitled to recover whatever loss he may have suffered thereby.

■ In innumerable cases it has been held that where discretion is conferred on an administrative officer to render a decision, this decision must be honestly rendered, and that if it is arbitrary or capricious, or rendered in bad faith, the courts have power to review it and set it aside. This court has this question presented to it constantly in cases arising under Government contracts, where the contracting of-

ficer and the head of the department are given the power to render final decisions on questions of fact. Both this Court and the Supreme Court have many times held that if the decision is arbitrary or capricious or so grossly erroneous as to imply bad faith, it will be set aside. See e. g. Burchell v. Marsh, 17 How. 344, 349, 15 L.Ed. 96; Kihlberg v. United States, 97 U.S. 398, 24 L.Ed. 1106; United States v. Gleason, 175 U.S. 588, 602, 20 S.Ct. 228, 44 L.Ed. 284; Ripley v. United States, 223 U.S. 695, 701, 32 S.Ct. 352, 56 L.Ed. 614.

The court will not substitute its judgment for that of the administrative officer, but the employee nevertheless has the right to the honest judgment of the administrative officer. If that officer does not render an honest judgment but acts arbitrarily, capriciously or maliciously, then undoubtedly the rights of the employee have been violated.

■ The plaintiff in this case alleges that he was discharged "without cause, wrongfully, illegally and maliciously." If he was discharged maliciously and without cause, then he has been deprived of the rights which the Act of 1912 gave him, and he is entitled to maintain this suit under section 145 of the Judicial Code, sec. 250, Title 28 U.S.C.A., which gives this court power to render judgment upon a claim "founded upon * * * any law of Congress."

■ Defendant further says that plaintiff's claim is barred by laches. We are unable to tell from the allegations of the petition whether or not this is so. Whether or not a claim is barred by laches depends upon the facts in each particular case. Norris v. United States, 257 U.S. 77, 81, 42 S.Ct. 9, 66 L.Ed. 136; Hearne v. United States, 107 Ct.Cl. 335, 401; Id., 331 U.S. 858, 67 S.Ct. 1752, 91 L.Ed. 1865. What the facts are in this case, insofar as this defense is concerned, we do not know.

Defendant's demurrer will be overruled.

JONES, Chief Justice, and HOWELL, MADDEN, and LITTLETON, Judges, concur.