Whitaker, Judge,
dissenting:
Although the amount involved is small, this is a case of great importance. It affects some two million employees of the Federal Government. It affects also the efficient administration of the Federal Government, which has become the most gigantic organization that has ever existed in the western hemisphere. It is a problem that demands our most careful consideration.
The plaintiff was discharged for the assigned reason that his services were no longer needed because the position he held was no longer necessary. Under compulsion of the Civil Service Commission, alleging that their rules had not been complied with, he was reinstated, and then he was discharged because his services were unsatisfactory.
He does not assay to complain of his later discharge; he complains only of his earlier one. His complaint is grounded alone on noncompliance with Civil Service regulations governing the discharge of employees pursuant to a reduction in force. For the failure to comply with them, he says his superior who discharged him has subjected the United States to liability for the payment of his salary.
This Court has held that if an employee be discharged in disregard of an Act of Congress regulating his discharge, he is entitled to recover the salary of the office of which he had been wrongfully deprived. These decisions are cited in the majority opinion and I think they are correct.
But the opinion of the majority in this case goes quite a way beyond those decisions. It says that if the administra *202 tive procedure laid down by an executive agency — not one laid down by Congress — be not complied with, the employee can recover the salary of the position from which he had been discharged. This may be true under certain circumstances, but I do not think it is under the facts of this case.
The only body under our Constitution which has power to consent to the assumption of liability by the United States, or to authorize others to do so, is the Congress. In the absence of congressional consent, the United States as the sovereign is immune from liability. Neither the President nor any of his executive officers can say that the United States shall be liable, if Congress has not given them the authority to do so; nor can the courts hold the Government liable if Congress has not authorized them to do so.
It follows from this that the Government is not liable for the discharge of this employee unless Congress has said that it should be liable, or unless it has authorized someone else to say that it should be liable.
The question then is, has Congress done so, or authorized anyone else to do so. The answer seems to me to be clear.
The Act of January 16, 1883 (22 Stat. 403), under the authority of which the regulation was issued, for the violation of which it is said the Government has incurred liability— this Act prohibits the removal of employees from office for only one reason. It says they shall not be removed for failure to make contributions for political purposes. Beyond this it places no restrictions whatever on removal of employees.
Had this employee been removed because he failed to make a contribution for a political purpose, a right granted him by Congress would have been violated, and for that violation he would have had a right to maintain an action in this Court under section 1491 of Title 28 of the United States Code, Revised. But plaintiff was not removed for this reason, and this was the only restriction placed by Congress on the power of removal. Hence, this Act of Congress was not violated.
It is true that the Act made it the duty of the Civil Service Commission, “to aid the President, as he may request, in preparing suitable rules for carrying this Act into effect.” *203 Any such rules, of course, would have the force and effect of law, and if they were violated to plaintiff’s injury, he would have a right of action. However, the extent of the authority of the Civil Service Commission was to make rules “for carrying this Act into effect.” The United States is liable to plaintiff for a failure to comply with the provisions of Circular 431, as alleged, only if this circular was issued for the purpose of “carrying this Act into effect.” It is not claimed that any Act of Congress, other than the Act of 1883,'gave the Commission the power to issue it.
The Act of 1883 was concerned primarily with the appointment of employees; the only restriction on their removal, as I have said, was for a failure to make contributions for political purposes. This regulation 431, for a violation of which plaintiff says the United States is liable, has nothing to do with the removal of employees for failing to make political contributions. It has to do with their removal pursuant to a reduction in force. But the Act of 1883 said nothing whatever about this. Hence, the regulation could not have been issued for the purpose “of carrying this Act into effect.” If it was not, no right granted by Congress or under its authority has been violated.
Congress has never said that if the Government wants to dispense with the services of some of its two million odd employees, it must go through the intricate procedure laid down in Civil Service Circular 431 before it can do so, or, if it does not, the Government will have to pay for it.
If the head of a department decides that he has more employees than he needs to carry on the work of his department, this circular requires him, before he can take any one of them off the pay roll, to do these things: first, he must determine the unit in his department where he wants to reduce his force; second, he must determine the class of employees to be discharged; third, he must separate this class into four groups, temporary employees, probational employees, employees who had completed their probational periods but who had not yet acquired Civil Service status, and employees who had Civil Service status. Then the head of the department was required to consider the efficiency ratings of the employees in each group and also whether or not they had mili *204 tary'preference, and he was then to determine which ones were to be discharged according to their seniority and efficiency ratings. Having done all this, he was then required to give the employee 30 days’ notice before his action discharging him should become effective and of his right, among other things, to appeal to the Civil Service Commission. If the Civil Service Commission on appeal disapproved of the action of the head of the department, the notice of separation was required to be cancelled and the employee was to be restored to active duty.
Congress has never said that if the head of a department fails to go through with all this business before an employee is discharged, the United States shall be liable. No one else has the right to say so.
I do not deny that the President, as an incident of his power of removal of employees (Myers v. United States, 272 U. S. 52) has the right to establish regulations for the guidance of his subordinates in deciding upon those who shall be removed, but I do say the President has no power to say that if these regulations are not followed the United States shall be pecuniarily liable to the employee. Only Congress can say this, and Congres has not done so. Nor, in fact, did the President undertake to say this.
All the cases that have come before this Court, wherein we have held the Government liable for the wrongful discharge of an employee, have been ones in which a congressional mandate was disregarded. In Elchibegoff v. United, States, 106 C. Cls. 541, in Borak v. United States, 110 C. Cls. 236, in Kephart v. United States, 109 C. Cls. 646, and in Gadsden v. United States, 111 C. Cls. 487, we said that the requirements of the Act of August 24, 1912 (37 Stat. 539, 555) had not been complied with, and in Wittner v. United States, 110 C. Cls. 231, we said that the requirements of the Veterans’ Preference Act of 1944 (58 Stat. 387, 390) had not been complied with. But these were congressional mandates, not executive orders going far beyond any authority delegated by Congress.
The regulation, for the violation of which it is said the Government is liable in this case, purports to have been issued under the authority of the Act of 1883. It cites no other *205 authority. I know of no other,[1] and, as I have said, that Act affords no authority for its issuance. In the absence of some congressional sanction, the Government cannot be held liable.
The majority rely heavily on United States v. Wickersham, 201 U. S. 390, but I do not regard the decision in that case as being contrary to the views I have expressed. The essence of the decision in that case was that an employee who was discharged by someone who had no authority to do so had the right to maintain an action for his salary. He was discharged by the surveyor-general of the State of Idaho. The Commissioner of the General Land Office, the surveyor-general’s superior, held the surveyor-general had no authority to discharge him and ordered him reinstated. The court held that: “Where an officer is wrongfully suspended by one having no authority to make such an order, he ought to be, and is, entitled to the compensation provided by law during such suspension.”
It is true the Court said this employee was entitled to the protection of the President’s order reading: “No removal shall be made from any position subject to competitive examination except for just cause and upon written charges filed with the head of the department or other appointing officer, and of which the accused shall have full notice and an opportunity to make defense;” but it expressly refused to pass on the question of whether the President or other competent authority could have.summarily discharged him. The Court said, “Whether he could have been summarily removed or suspended by the President or other competent authority is not the question now before the Court, but the question is whether the employee during his wrongful suspension by a subordinate o-fficer is entitled to the compensation provided by law.” [Italics mine.]
The Court refused to decide the question presented to us in this case, whether an employee’s discharge by competent authority without compliance with the regulations entitled him to maintain an action for his salary. For the reasons stated I do not think he can.

 It is not contended that the Act of 1912 or the Veterans’ Preference Act has any application.