Howell, Judge,
delivered the opinion of the court:
The petition filed herein by plaintiff for himself sets forth pertinent allegations as follows: Plaintiff was employed as a classified Civil Service employee in January 1917 and worked as such until April 1921 when he resigned from the federal service without prejudice. Years later, on November 15, 1943, plaintiff was reappointed to federal service under then current War Service Regulations, such appointment being designated “War Service, Indefinite.” On October 28, 1944, plaintiff was notified that he was to be released for the good of the service, effective November 20,1944, and accordingly he was so separated at that time. Plaintiff alleges that his removal from office was capricious, malicious, arbitrary, in bad faith, and without a hearing.
The Government demurs on the ground that plaintiff’s petition fails to state a cause of action, and advances the further defenses of res ju/Ueata and laches.
In support of its defense of res judicata, the Government contends that the same facts previously presented to the United States District Court for the District of Columbia were found not to constitute a cause of action and that this decision having been affirmed by the Court of Appeals in Levy v. Wood, 171 F. (2d) 145, renders the present petition in this court res judicata.
Assuming that the same facts are pleaded in both suits, obviously the parties are not only different but the relief sought is different. Whereas the original suit was-against Wood (administrator of the agency in which Levy was can-. ployed), and asked for a mandatory injunction directing Wood to reinstate plaintiff to his former position, the instant *109 suit is against the United States for salary due. This court has previously held itself, in Nunnally Investment Co. v. United States, 92 C. Cls. 358, bound by a decision of the Supreme Court in Sage v. United States, 250 U. S. 33, and ruled that a suit against an agent of the Government growing out of an official act and a judgment thereon did not make the suit res judicata in a later suit against the United States on the same set of facts.
Begardless of the question as to whether the parties in the two suits are actually the same, we perceive an even greater difficulty involved in the plea of res judicata. The Government contends that plaintiff’s petition herein is a mere repetition of the one considered in the suit in the District Court. However, a copy of this complaint has not been placed before us and it cannot be reconstructed from the case as reported on appeal in 171 F. (2d) 145, nor can we take judicial notice of it on our own motion.
The general law applicable to the plea of res judicata is well stated in Gould v. Evansville, Etc. R. Co., 91 U. S. 526, 534:
* * * If judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless.
H* H* H« sk &
* * * but it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action.
Plaintiff has alleged that his present petition is based upon newly discovered evidence, and in view of that allegation and *110 the present state of the record, we overrule the plea of res judicata.
Turning now to defendant’s other defense, i. e., laches, it appears that this suit was filed some five years and eight months after the act complained of. During all the intervening time plaintiff’s activities toward righting his alleged wrong definitely disclose that he did not acquiesce in the acts complained of. It cannot fairly be said that plaintiff has slept upon his rights. Laches, as an equitable doctrine, is brought into play not merely by the lapse of time. There must have been a lack of diligence on plaintiff’s part in seeking a remedy, as well as prejudice to the defendant. Plaintiff has protested by every means at his command and has been diligent in the pursuit of a remedy. Southern Pacific Co. v. Boffert, 250 U. S. 483, 488. The defense of laches is therefore not well taken.
In his efforts to state a cause of action, plaintiff apparently bases his case upon the proposition that his previous federal service, together with his reappointment under War Service Regulation (Title 5, Code of Federal Regulations, Cum. Supp. 1943, Sec. 18) gave him such Civil Service status as would entitle him before dismissal to be formally advised of the charges, given an opportunity to answer, and so forth, as provided by Civil Service Rule XII (Act of August 24, 1912, c. 389, § 6, 37 Stat. 555,5 U. S. C. § 652). However, we find this contention to be without merit for the reason that plaintiff was appointed under the War Service regulations of the Civil Service Commission, which provided in part as follows:
Seo. 18.5 (b) Statu# of appointees. Persons appointed under these regulations will not thereby acquire a classified (competitive) civil service status. * * *
Seo. 18.5 (c) Trial period. Except for persons appointed for a specific period of one year or less, the first full year of service shall be a trial period, satisfactory completion of which shall be considered part of the entrance examination. If and when, after a full and fair trial during this period, the conduct or capacity of the trial appointee be not satisfactory to the appointing officer, the appointee may at any time thereafter during the trial period be so notified in writing and such notice shall terminate his service.
*111 Sec. 18.8 Reappointment. Subject to the prior approval of the Commission, a former civilian employee of the executive branch of the Federal Government may be reappointed by war service appointment to any position which is covered by these regulations and for which he establishes the requisite qualifications. Such reappointment must be for actual service * * *.
Persons reappointed under this section will be required to serve a trial period of one year in accordance with § 18.5 (c) of this chapter.
At the time of his separation, plaintiff was still within the trial period specified in § 18.5 (c). All plaintiff had a right to expect was a full and fair on-the-job trial and written notice of the termination of his service. Apparently it was upon this ground that the United States Court of Appeals held that the District Court’s dismissal of Levy’s action was justified.
After setting forth the generally accepted principle that the courts will not review the discretionary acts of executive officers in employment matters, that court relied on Golding v. United States, 78 C. Cls. 682, 685, for the proposition that, “The allegations that the plaintiff was innocent of the charges preferred against him * * * and that the investigation which resulted in his removal was biased, prejudiced and unfair, are immaterial.”
However, in the later case of Gadsden v. United States, 111 C. Cls. 487, this court held that while the court would not substitute its judgment for that of the administrative officer, the employee nevertheless had a right to the honest judgment of such officer, and that if that officer did not render an honest judgment but acted “arbitrarily, capriciously or maliciously” the rights of the employee were violated.
Under the regulations applicable to plaintiff’s appointment, he was entitled to a “full and fair trial” during the one-year trial period, and if on the basis of that trial the appointing officer was not satisfied with,the appointee, he had the right to terminate the appointment by written notice. This regulation further specified that the satisfactory completion of the trial period should be considered part of the examination. While this court would not undertake the review of Civil Service examinations, neither *112 would we inquire into Levy’s on-the-job performance. However, if the plaintiff had alleged that the Civil Service examinations were not being properly graded, and that employee selections were being made by mere chance or personal favoritism, a court might well interfere. While plaintiff has very few rights under the regulations pertaining to War Service appointments, it does appear that he has a right to a determination on the question of satisfactory performance after a full and fair trial on the job. Plaintiff has alleged that he did not get a full and fair trial and that he was discharged in bad faith and by virtue of personal malice. Defendant by its demurrer has admitted these allegations for the purpose of argument on the demurrer.
We note that the statutes involved in this case and those in the Gadsden case, supra, are different, in that Gadsden was an employee with “permanent Civil Service status” and thus entitled to a higher degree of protection. However, it appears to us that both plaintiffs were entitled to a good faith exercise of administrative discretion.[1]
We realize that a certain amount of discretion must be lodged in an appointing officer to make spot personnel decisions in the interest of efficiency, but on the other hand, a public servant who has actually been wronged has no other remedy than to appeal to the courts. The regulations required a full and fair trial on the job as a condition precedent to the termination of plaintiff’s service.
The plaintiff has alleged and the defendant’s demurrer has admitted, enough to bring plaintiff into court on the merits of his case. He must, however, assume the full burden of •proving the allegations of his petition which we deem sufficient to justify this court in overruling the demurrer.
The demurrer is accordingly overruled.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 See Simon v. United States, 113 C. Cls. 182, to the effect that Civil Service Regulations have effect of law.