Madden, Judge,
delivered the opinion of the court:
The plaintiff sues for back pay for a period of more than five years, the time which intervened between his discharge and his reinstatement as a civilian employee of the Department of the Navy. The plaintiff is a war veteran and is therefore entitled to the rights and privileges accorded to veterans by Section 14 of the Veterans’ Preference Act of 1944, 5 U. S. C. 863, as well as to those of non-veteran classified civil servants of the United States.
The plaintiff had been employed by the Navy from 1909 to 1945 except for some two years when he was in the armed services. He worked at the Philadelphia Navy Yard. In 1942 Lt. Commander George became the senior member of the Labor Board of the Navy Yard, and, as such, the superior officer of the plaintiff, who was the Becorder of the Board. The plaintiff acquired a deep aversion to his superior, and on August 8,1945, filed charges against him with the Secretary of the Navy. The charges were investigated and found to be unwarranted. Thereupon the Commandant of the Navy Yard on September 19,1945, served charges upon the plaintiff, granting him five days in which to reply to them. The plaintiff replied on September 25. On September 27 the Commandant again wrote the plaintiff, repeating the charges, stating that the plaintiff’s reply was not considered satisfactory, and that “it is proposed to remove you from employment.” The Commandant’s letter said that the plaintiff had the right to make further answer in writing to the charges and to furnish affidavits in support; that upon the plaintiff’s failure to make a further statement by October 4, it would be assumed that he did not desire to make a further *658 statement, and that his removal would be effected “thirty days after receipt of this letter.”
The plaintiff received the Commandant’s letter on September 28, 1945. He replied, on October 2, in a six-page typewritten letter in which he reviewed and quoted from the proceedings before the investigating board. He said further “As far as securing any affidavits, this will have to be delayed, as I am in no physical condition to get them at present.” The plaintiff was, at the time, absent from work on sick leave.
On October 5, the plaintiff was advised that he was being removed from employment effective October 28, 1945. We think that this notice meant that October 28 was to be the last day of work for the plaintiff. The matter is important because 5 TJ. S. C. 863, which is Section 14 of the Veterans’ Preference Act, requires that the veteran shall have at least thirty days advance written notice of his discharge. Cf. Stringer v. United, States, 117 C. Cls. 30, 48. The plaintiff had thirty days’ notice. Omitting September 28 on which he received the notice, he had two days in September and twenty-eight in October during which he was on the active payroll. The plaintiff points out that October 28 was a Sunday, and that the plaintiff’s considerable amount of accumulated leave would have expired on the same day, whether the plaintiff was on or off the active payroll on October 28, because Sundays are not counted against leave. This incidental circumstance makes the records somewhat less conclusive, but it does not persuade us that a notice of removal from employment effective October 28 means that the removal will occur at the end of October 27.
On October 29, 1945, the plaintiff appealed to the Third Civil Service Regional Office at Philadelphia. Because of confusion as to whether certain resignations submitted by the plaintiff at about the time of his discharge were effective, the decision on the appeal was delayed. On October 14, 1947, the Regional Office accorded' the plaintiff a hearing. It then transmitted the entire record to the central office of the Civil Service Commission in Washington for adjudication. A considerable file of evidence offered by the plaintiff *659 was in the record. The Chief Law Officer of the Civil Service Commission decided that the procedural requirements to which the plaintiff was entitled had been accorded him, and that his dismissal had been justified and warranted on the merits. He decided that the plaintiff’s discharge was for such cause as would promote the efficiency of the service.
The plaintiff appealed to the Civil Service Commission and was given a hearing before the Board of Appeals and Review of the Commission on September 24, 1948. The plaintiff was present with legal counsel. The Board, on January 24, 1949, affirmed the decision of the Chief Law Officer. The plaintiff then appealed to the Civil Service Commission itself and was heard by it on April 20, 1949. On June 21, 1949, the Commission affirmed the decision of the Board of Appeals and Review.
The plaintiff, then, had three stages of appeals from the adverse decision of the Navy Department. Each appeal was, apparently, a trial de novo with opportunity to present any material which the plaintiff thought might persuade the tribunal. All these appellate bodies concluded that the plaintiff had been accorded all procedural rights, and that the plaintiff’s discharge was justified, on the merits, for the good of the service. As to the merits, the plaintiff does not assert that the decisions of the four tribunals involved were arbitrary or capricious, which would be the only ground upon which we would undertake to review the merits. Unless we were willing to take the responsibility both for the operation of the Navy, and for the management of the Government’s employment policies, entrusted by law to the Civil Service Commission, we should not, of course, intervene in such matters, and we do not.
As to the procedural requirements of Section 14 of the Veterans’ Preference Act, we have seen that the plaintiff had the thirty days’ notice which the statute accords. The plaintiff says that his statement in his letter that, because of his physical condition, the securing of affidavits would have to be delayed, should have caused the Navy to refrain from proceeding. The plaintiff’s full and detailed reply indicated that he was extremely articulate and by no means helpless. *660 If he had had any thought of attempting to obtain affidavits within any foreseeable time, he would surely have said so. Whether, in the several years during which his appeals were pending, he obtained affidavits which he might have contemplated when he wrote the statement about affidavits, we do not know. What affiants might have asserted we do not know. We cannot say that the Navy’s action should have been indefinitely postponed for the reason urged by the plaintiff. We find nothing lacking in the procedural rights accorded the plaintiff.
The plaintiff instituted Civil Action No. 2986-52 in the United States District Court for the District of Columbia, against Francis P. Matthews, Secretary of the Navy, asking for an order restoring him to employment by the Navy. That court, on May 28, 1951, entered a judgment to the effect that the plaintiff’s discharge had been in violation of Section 14 of the Veterans’ Preference Act of 1944, and setting the discharge aside as illegal and void. The court ordered the plaintiff restored to the position from which he had been discharged, or an equivalent position, he to be entitled, upon such restoration, to all rights, emoluments and privileges of said position from the date of his discharge, with like effect as if his service had been continuous and uninterrupted from October 28,1945.
On July 30, 1951, the plaintiff was restored to a position at the Philadelphia Navy Yard, equivalent to the one from which he had been discharged. At the time of his discharge his position had paid $5,390 per annum. At the time of his restoration it paid $7,400 per annum. The increase in salary had resulted, apparently in several stages, from statutory provisions and administrative action. If the plaintiff’s service had been continuous from the time of his discharge to his restoration, he would have received $38,863.40 in salary for the period.
The plaintiff says that the decision of the United States District Court makes the instant case res adjudieata. We think not. This is a suit against the United States for salary for a period during which, the plaintiff says, he was wrongfully prevented from working. The District Court case was *661 a suit against an agent of the Government for an order of restoration to employment. See Levy v. United States, 118 C. Cls. 106. The District Court had jurisdiction to order the plaintiff’s restoration. It had no jurisdiction to award compensation to the plaintiff. Section 1346 (d) (2) of the Judicial Code. See Baxter v. United States, 122 C. Cls. 632; Borak v. United States, 110 C. Cls. 236,245; Borak v. Biddle, 147 F. 2d 278, 281. Even if there were no Section 1346 (d) (2), the amount in question here is far in excess of the $10,000 which a District Court has jurisdiction to award against the United States, under Section 1346 (a) (2) of the Judicial Code. Since the petition in the District Court asked only for restoration to employment, there could have been no occasion for a disclaimer by the plaintiff of the amount in excess of the jurisdiction of that court. We suppose, then, that the District Court had no intention to award the plaintiff a judgment against the United States for back pay, and for that additional reason, the matter before us is not a res adjudícala.
As shown above, we, with regret, disagree with the District Court’s conclusion that the plaintiff’s procedural rights were violated. Since the District Court did not state wherein it thought they were violated, we cannot discuss, in detail, our divergence from that court’s view.
The plaintiff’s counsel says that the plaintiff claims no rights under the Act of June 10,1948, 62 Stat. 354, 5 U. S. C. 652 (b) (2). That section provides that an employee who has rights under Section 14 of the Veterans’ Preference Act of 1944, who is discharged and, after an appeal to the Civil Service Commission, is restored to duty on the ground that the discharge was unjustified or unwarranted, shall be paid back pay, at the rate of compensation received on the date of the discharge, for the period during which the discharge was in effect, less any amounts earned by him in other employment during that period. This court held in Carl P. Green v. United States, No. 48991, 124 C. Cls. 186, that a reinstatement ordered by a United States District Court on the ground that the veteran there involved had been illegally discharged was a reinstatement or restoration within *662 the meaning of Section 652. In the instant case the plaintiff was restored to duty, on the order of the District Court, which was made on the ground that the plaintiff’s discharge was unjustified, it being held to be illegal. The case is thus on all fours with the Green case. In spite of the disclaimer by plaintiff’s counsel of the benefits of Section 652, which, of course, would give the plaintiff a smaller judgment[1] than the one which would result from the adoption of the plaintiff’s theory of recovery, we think the plaintiff is entitled to recover under Section 652, and we so hold. If this more than half a loaf is regarded as worse than no bread we will, upon being so advised, amend our conclusion.
The plaintiff is entitled to recover. Entry of judgment will be suspended to await the filing of a stipulation showing the amount due the plaintiff, computed in accordance with this opinion and the appended findings.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
FINDINGS OF FACT
The court makes findings of fact, based upon the evidence, the report of Commissioner Paul H. McMurray, and the briefs and argument of counsel, as follows:
1. The plaintiff, Edward J. O’Brien, a veteran of the World War, is a citizen of the United States, residing in Philadelphia, Pennsylvania. He brings this suit under Section 145 of the Judicial Code, 28 U. S. C. 1491, for the recovery of $33,812.73. He was discharged from federal employment (Department of the Navy) October 28, 1945, and restored to a comparable position in the same branch of the federal government effective July 30, 1951, but has not been paid during the intervening period.
2. From October 1909 to October 28,1945, the plaintiff was regularly employed as a civilian employee of the Department of the Navy of the United States, excepting only a period of active duty performed by him in the armed forces *663 of the United States from October 1917 to January 1919. On October 28, 1945, the plaintiff was employed in the classified civil service as Administrative Officer (Recorder, Labor Board) CAF-12, at a salary of $5,390 per annum.
3. At all times from October 28, 1945, to July 30, 1951, with the exception of the period from September 11,1945, to February 1,1946, when he was unable to work on account of illness, the plaintiff was able and willing to perform the duties of the position of Recorder, Labor Board, CAF-12 or duties of any similar position and from time to time throughout said period he offered to perform such duties. The value of plaintiff’s services in said position or similar position at established rates of pay for the period from October 28, 1945, to July 30,1951, was $38,863.40 and he would, in fact, have been paid that amount had his service been continuous during that period. He has, in fact, received no pay from the defendant for services for any portion of said period, except terminal leave pay at the time he was discharged in October 1945, in the amount of $1,876.06. During this period from October 28, 1945, to July 27, 1951, plaintiff obtained some other employment and during that period received for services rendered by him $3,674.61.
4. Since the plaintiff is an honorably discharged veteran of the World War, he is entitled to the rights and privileges provided by Section 14 of the Veterans’ Preference Act of 1944, Section 863, Title 5, U. S. Code, and to all rights and privileges provided by law for employees in the classified civil service of the United States.
5. On or about January 3, 1942, Lt. Commander R. B. George became senior member of the Labor Board of which plaintiff was recorder and custodian of records and as such he was plaintiff’s superior officer. When Lt. Commander George became Senior Member of the Labor Board he was warned by the then Commandant of the Navy Yard to “keep an eye” on O’Brien (plaintiff). Certain office practices adopted by Lt. Commander George, including destruction of records, previously considered to be of a permanent nature, caused the plaintiff to regard Lt. Commander George’s conduct as illegal in some respects and disruptive of office morale. The plaintiff on August 8, 1945, filed with the *664 Secretary of the Navy certain charges against Lt. Commander George. This was done after plaintiff had consulted with the Chairman of the Civil Service Commission and Commander Thomas, Labor Relations Officer of the Navy Department. Following investigation of these charges, the Commandant of the Philadelphia Naval Shipyard in a letter of September 19, 1945, served charges upon plaintiff. Plaintiff was granted five days in which to submit written specific charges and he did submit such a reply under date of September 25, 1945.
6. Under date of September 27, 1945, the Commandant of the Shipyard wrote plaintiff, referring to the earlier letter of September 19 and repeating the charges preferred against plaintiff. The Commandant stated that plaintiff’s reply to the earlier letter was not considered satisfactory and that “it is proposed to remove you from employment.” This letter further advised plaintiff that, as a veteran, he had the right to make further answer in writing to the specified charges and to furnish affidavits in support. The letter stated that upon plaintiff’s failure to make a further statement by October 4,1945, it would be assumed he desired to make none, and that his removal would be effected “thirty days after receipt of this letter.”
The letter concluded that if it should be decided, upon consideration of possible further statements by plaintiff, to proceed with the removal, then plaintiff would be informed of his right to appeal the decision to the Regional Director, Third Civil Service Region, within thirty days.
7. The letter referred to in the preceding finding was received by plaintiff on September 28,1945. The plaintiff was, at that time, as the Commandant was aware, absent from work on sick leave. Plaintiff replied thereto by letter of October 2, 1945. This letter, consisting of six typewritten pages, quoted extensively from the record of the investigation of the charges against Lt. Commander George. It also said, “As far as securing any affidavits, this will have to be delayed as I am in no physical condition to get them at present.” The Philadelphia Naval Shipyard on October 5, 1945, advised plaintiff that he was being removed from employment effective October 28, 1945. This letter *665 reviewed the charges against plaintiff, and advised him that his reply of October 2, 1945, did not supply substantiating evidence and that therefore his removal would be effected 30 days from his receipt of the previous notice of proposed action during which period he would be carried in an active duty status. Plaintiff was also advised of his rights of appeal as a veteran, under Section 14 of the Veterans’ Preference Act of 1944, as amended, to the Civil Service Commission. Plaintiff’s removal became effective October 28,1945.
8. Prior to his removal plaintiff had submitted on August 22, 1945, a letter of resignation to the Commandant of the Navy Yard. This letter was returned to him the same day with the advice that his resignation would not be accepted pending the outcome of the investigation ordered to inquire into the charges which plaintiff had made against the senior member of the Board. On October 24, 1945, plaintiff again submitted his resignation and requested a decision “as to the validity of the non-acceptance” of his resignation. On October 29, 1945, the plaintiff took an appeal from the removal action pursuant to the provisions of Section 14 of the Veterans’ Preference Act of 1944, as amended, to the Third Civil Service Regional Office at Philadelphia. Under date of January 8,1946, the plaintiff was informed by the Third Civil Service Regional Office that the Navy Department had accepted his resignation effective October 26,1945, and, in so doing, changed its journal action, under date of December 28, 1945, to show plaintiff’s separation by reason of such resignation. Accordingly, at that time further action on the dismissal proceedings was suspended.
Plaintiff protested this action in a letter to the Navy on July 9,1946, stating that his dismissal could not he rescinded and that he still had a right to appeal the dismissal action. On July 18, 1946, plaintiff was advised that the Navy was continuing to show plaintiff’s separation by reason of resignation, but amending its records to show the correct date of such separation as October 28,1945.
9. On August 7,1947, the Navy’s Judge Advocate General ruled that the change in form of plaintiff’s separation from dismissal to one of resignation was ineffective and that plain *666 tiff’s status was that of an employee separated by reason of dismissal, with the right of appeal as a veteran. Under date of September 5,1947, the Civil Service Commission informed its Third Regional Office to proceed with the Section 14 appeal. A further investigation was conducted and plaintiff was granted a personal hearing. The entire record of the appeal was then transmitted to the central office of the Civil Service Commission for adjudication.
10. A decision was made by the Chief Law Officer of the Civil Service Commission under date of November 28,1947. In his decision he recited the facts and circumstances leading to the appeal and pointed out that a further investigation was made by the Third Civil Service Region and a hearing accorded Mr. O’Brien on October 14,1947. The decision pointed out that Mr. O’Brien’s appeal required adjudication of two questions as follows:
(1) Did the Navy Yard comply with the procedural requirements in effecting the dismissal of Mr. O’Brien?
(2) Was the dismissal of Mr. O’Brien justified and warranted on the merits ?
With respect to the first question it was held that the procedural requirements of Section 14 of the Veterans’ Act of 1944 had been fully, met in the dismissal of Mr. O’Brien. Concerning the second question it was held that the finding of the Commandant of the Navy Yard that Mr. O’Brien had lost his usefulness to the Navy Yard was reasonable and not arbitrary or capricious. The decision of the Chief Law Office of the Commission included the following language:
The entire file is now before us, consisting of the report of investigation, the report of the hearing, copy of the transcript before the Board of Investigation anrl numerous other documents, all of which were made available for inspection by Mr. O’Brien, so that he is fully familiar with the contents of the record.
His decision was that the plaintiff’s rights as a veteran had not been violated and that his dismissal was for such cause as would promote the efficiency of the service.
11. Plaintiff next appealed the decision of the Commission’s Chief Law Officer to the United States Civil Service *667 Commissioners in Washington, D. C., and was given a hearing before the Board of Appeals and Review of the United States Civil Service Commission on September 24, 1948, at which hearing the plaintiff appeared along with his duly designated legal representative, Mr. George MacElroy. The Board of Appeals and Review, under date of January 24, 1949, affirmed the decision of the Chief Law Officer, notifying plaintiff as follows:
Reference is made to your appeal, under the provisions of Section 14 of the Veterans’ Preference Act of 1944, from the decision of the Chief Law Officer sustaining the action of the Philadelphia Naval Shipyard in separating you from the position of Recorder of the Labor Board as the result of charges preferred against you.
The decision of the Chief Law Officer was based upon the considerations set forth in his memorandum of November 28, 1947, a copy of which was furnished you.
The Civil Service Commissioners, after a careful consideration of all the facts and circumstances in your case, including the representations made at the hearing held before the Commission’s Board of Appeals and Review on September 24, 1948, have found that the decision of the Chief Law Officer was correct and that decision, therefore, has been affirmed.
12. Plaintiff then appealed the decision of the Commission’s Board of Appeals and Review to the United States Civil Service Commissioners in Washington, D. C., and was given a hearing before the United States Civil Service Commissioners on April 20,1949. The United States Civil Service Commissioners, under date of June 21,1949, affirmed the decision of the Board of Appeals and Review, but in recognition of plaintiff’s long period of service suggested to the Commandant of the Naval Shipyard that consideration be given, if possible, to plaintiff’s reinstatement to some other position should a vacancy occur in a position for which he was qualified.
13. Plaintiff instituted Civil Action Number 2986-52 in the United States District Court for the District of Columbia, such action being entitled Edward J. O'Brien, Plaintiff, v. Francis P. Matthews, Secretary of the Navy, Defendant, *668 asking restoration of the plaintiff therein to employment by the Navy. The District Court thereafter entered the following amended order in that action:
Amended Order
This cause came on to be heard on defendant’s Motion to Dismiss the Complaint or for Summary Judgment and on plaintiff’s Motion for Summary Judgment and the Court having considered said motions and affidavits attached thereto and the pleadings filed by the parties and having also considered briefs filed by; the parties and arguments made in open Court and being fully informed it is by the Court this 28th day of May 1951,
Ordered, Adjuged and Decreed as follows:
I. That the plaintiff’s motion for Summary Judgment be, and the same hereby is, granted.
II. That the defendant’s Motion to Dismiss the Complaint or for Summary Judgment be, and the same hereby is, denied.
III. That the removal of the plaintiff, Edward J. O’Brien from his position as Administrative Officer (Recorder Labor Board) CAF-12, Philadelphia Naval Shipyard, effective October 28, 1945, being contrary to and in violation of the procedural requirements of Section 14 of the Veterans Preference Act of 1944, was illegal and void and is hereby set aside and held to be of no force or effect whatever.
IV. That the said plaintiff, Edward J. O’Brien is entitled to be restored to said position from which he was illegally removed effective Octobter 28, 1945, or the equivalent thereof, and upon such restoration he is entitled to all rights, emoluments and privileges of said position from October 28, 1945, with like effect as if his service had been continuous and uninterrupted from October 28,1945.
V. That the defendant, Francis P. Matthews, Secretary of the Department of the Navy is hereby ordered within 60 days from the date hereof to take or cause to be taken appropriate action to have the said Edward J. O’Brien restored to said position from which he was illegally removed effective October 28,1945, or the equivalent thereof, with all rights, emoluments and privileges of said position from October 28,1945, with like effect as if his service had been continuous and uninterrupted from October 28,1945.
*669 VI. This amended order supersedes and sets aside the order entered herein on May 25,1951.
(S) Walter M. Bastían, Judge.
14. Plaintiff thereafter received a Notification of Personnel Action dated July 27,1951, which informed him that
You are restored to duty in accordance with Secretary of the Navy directive and in compliance with Amended Order of the U. S. District Court for the District of Columbia, dated 28 May 1951, which provides as follows: * * *
The Notification recited the District Court Amended Order, noted in Finding 13, in full.
Likewise, a letter of July 27, 1951, to plaintiff indicated that his restoration to employment was being made “in accordance with the Secretary of the Navy’s directive to comply with the Amended Order dated May 28, 1951, of the United States District Court for the District of Columbia * *
15. On July 30,1951, plaintiff was reassigned, effective that date, to the position of Personnel Officer, GS-201-12, Philadelphia Naval Shipyard, at a salary of $7,400 per annum. The exact position from which plaintiff had been discharged in 1945 had been abolished prior to July 1951, and the position of Personnel Officer, to which he was assigned on July 30, 1951, was the “equivalent” of such position. The difference between the earlier salary and the later salary is equivalent to the amount to which plaintiff’s salary would have been increased in regular course, but for the dismissal from employment.
16. Had plaintiff’s service been continuous from October 28,1945, to July 30,1951, he would have been entitled to pay for his services for such period in the aggregate amount of $38,863.40. He has, in fact, received no pay from defendant for services for any portion of said period, except terminal leave pay at the time he was discharged in October 1945, in the amount of $1,876.06. Also during the period from October 28,1945, to July 30,1951, plaintiff has received from outside employment earnings in the total amount of $3,674.61.
17. In the event of recovery in this action plaintiff and defendant have agreed that the amount of $1,876.06, received by plaintiff as terminal pay, and the amount of *670 $3,674.61, received by plaintiff from other employment, are to be offset against the total amount of $38,863.40 that he would have earned in the Navy Department, except for his discharge, leaving a net total of $33,312.73 as the amount of the claim.
CONCLUSION of law
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is entitled to recover.
The entry of judgment is suspended to await the filing of a stipulation of the parties showing the amount due in accordance with the court’s opinion and the foregoing findings.
In accordance with the above opinion and on a stipulation by the parties, it was ordered April 7,1953, that judgment for the plaintiff be entered for $25,441.83.

 This is because Section 652 measures back pay by the salary which the employee was receiving on the date of his discharge.