On March 10, 1965, the court entered the following order in the above entitled case:
This case comes before the court on plaintiff’s petition pursuant to E,ule 69 to reopen the case (wherein final judgment was rendered on April 7, 1953; 125 Ct. Cl. 145), because of alleged fraud upon the court. Defendant has filed a response, opposing the petition to reopen, and plaintiff has replied to defendant’s response. Upon consideration of the motion papers (petition, response, and reply), the court finds:
(1) Plaintiff’s case was first before the court on defendant’s demurrer to his petition. The court held (118 Ct. Cl. 106; decided December 5, 1950) that his suit was not made res judicata by the prior decision of the United States District Court for the District of Columbia in the case of Levy v. Wood, which was affirmed by the Court of Appeals in 1948 (171 F. 2d 145) ; and that, since plaintiff had in effect alleged arbitrary, capricious, and malicious action by his administrative superiors in effecting his discharge, he was entitled to a trial on the merits.
(2) Trial on the merits was duly held, after lengthy pretrial proceedings. The trial itself was extensive. Plaintiff was given ample opportunity to testify, to introduce documentary evidence, and to call witnesses, many of whom he was permitted to cross-examine as hostile. The findings of fact reported by the trial commissioner and adopted by the court were characterized by the court as “rather exhaustive.”
(3) The judgment of the court was that the plaintiff had “failed to meet the burden of proof cast upon him by the material allegations of his petition”, wherefore there was no liability on the part of the defendant and plaintiff’s petition had to be dismissed.
(4) Thereafter, plaintiff filed a motion for rehearing, which was overruled on June 2, 1953, and 4 subsequent motions for reconsideration, clarification, and oral re-argument, all of which were considered and denied between June and November 1953.
*1021 (5) Plaintiff’s application to the Supreme Court of the United States for a writ of certiorari was denied on January-11, 1954. 346 U.S. 931; 127 Ct. Cl. 843.
(6) The gravamen of plaintiff’s present petition, to reopen the case after more than 10 years, is that War Service Regulation VIII, under which he was employed, had been amended on September 29, 1943 (8 F.R. 13549), less than 2 months before plaintiff began work for the War Production Board; that pursuant to the amended regulation, his employment by the War Production Board amounted to reinstatement in the classified civil service, rather than appointment to a war service indefinite position; that defendant, in its brief, quoted an earlier version of War Service Regulation VIII; that this alleged misquotation was deliberate, being intended to mislead the court; and that the court was thereby misled, to the detriment of plaintiff.
(7) The case of Levy v. Wood, 171 F. 2d 145 (1948), before the Court of Appeals on an order dismissing the complaint for lack of jurisdiction and for failure to state a claim on which relief could be granted, was decided on the ground that plaintiff had received from the War Production Board an appointment to a War Service position — Reinstatement— Indefinite, under section 18.8 of the Civil Service Commission’s War Service Regulations (7 F.R. 7723, as amended), which required the appointee to serve a trial period of one year. The Court of Appeals held that he was therefore subject to dismissal (before the expiration of the trial period) simply on notice; and that he was not entitled to the procedures of rule XII of the Civil Service Commission.
(8) Plaintiff came before this court upon substantially •the same allegations. Our opinion on the demurrer (118 Ct. Cl. 106) cited the same War Service regulation (section 18.8, which was expressly made subject to section 18.5, requiring the trial period), and said “[t]he regulations required a full and fair trial on the job as a condition precedent to the termination of plaintiff’s service.”
(9) The contention was unchanged as the case went to trial. Consequently, our finding 45(a) (125 Ct. Cl. 145, 165) that “[i]t is not established by the evidence * * * that *1022 plaintiff was not afforded a full and fair on-the-job trial in thei position to which he was appointed” was responsive, to his contention. Moreover, the amended regulation to which plaintiff refers in his petition to reopen (8 F.R. 13549) expressly provides, in the concluding paragraph :
* * * Persons reappointed under this regulation will be required to serve a trial period of one year in accordance with § 18.5 of this chapter.
(10) The findings further recite (finding 44; 125 Ct. Cl. 145,165) that:
(a) Plaintiff’s appointment to the position of labor economist in the War Production Board was authorized and made pursuant to the War Service Regulations, particularly Regulation YIII, of the United States Civil Service Commission.
(b) By his appointment, and during his employment by the War Production Board, plaintiff did not hold a position in the classified, competitive, civil service.
• (11) Paragraph (b) of the foregoing quotation reflects the summary of finding 23 (125- Ct. Cl. 145,157) that : ■
* * * Plaintiff was carried on the rolls of the War Production Board as a war service' indefinite employee, which the Instructions defined as — •
* * * one who by the nature of his original appointment has not acquired a classified (competitive) civil service status, but who has satisfactorily completed a trial period of service prescribed by the war service regulations of the' Civil Service Commission. * * * •.
(12) Finding 46 (125 Ct. Cl. 145,166) sets forth the General Administrative Instruction of the War Production Board, wherein there were definitions (1) of permanent (classified civil service) employees; (2) of war service indefinite employees; and (3) of the.meaning of “discharge”, including removal for cause. The Instruction contained the following further provision, relating to removal for cause :
* * * Permanent and war service indefinite employees * * * may be removed, under the provisions of Rule Nil of the Civil Service Commission, for any one of a number of specific causes or for the good of the service. [Emphasis supplied.]
*1023 •The Instruction, (as set forth in the cited finding) then quoted the provisions of Rule XII.
■ (13) Finding 24(b) (125 Ct. Cl. 145, 151) recites that “[t]he Employing Officer prepared a draft of ‘reasons to be furnished’, as required by Rule XII of the Civil Service Commission, and, at an interview with plaintiff on September 16,1944, showed the draft to plaintiff.” Finding 28 (125 Ct. Cl. 145, 158) states that on September 29,1944, the Employing Officer addressed to plaintiff a memorandum advising that his removal for the good of the service, was being-requested. Thereafter, the full panoply of rights under Rulé XII was accorded to plaintiff, 'and he was removed from the War Production Board’s employment roll for the good of the service. (Finding 43(c); 125 Ct. 01. 145, 164.) It follows that if he had been carried on the rolls of the War Production Board as a classified civil service employee, the same procedures would have been applicable to his removal for the good of the service.
(14) The court was not misled, either by the defendánt’s quotation of Regulation VIII or by plaintiff’s failure to cite the amendment upon which he now relies. No fraud upon the court has been committed by defendant.
(15) In Edgar v. United States, 145 Ct. Cl. 9 (1959), this court reconsidered; its rulings in Levy v. United States, 118 Ct. Cl. 106 (1951), and O’Brien v. United States, 124 Ct. Cl. 655 (1953), that a judgment of a district court on the question of whether an employee had been wrongfully discharged was not conclusive in a suit in the Court of.Claims, applied the doctrine of collateral estoppel to Edgar’s claim, and overruled both Levy and O’Brien. See also Larsen et al. v. United States, 145 Ct. Cl. 178 (1959). As a consequence, it appears that the subsequent trial of the case in this court on the merits was, in retrospect, superfluous and unnecessary.
(16) Plaintiff complains (although he expressly disclaims a present intention to make an issue) of the action of the trial commissioner in permitting the attorney for defendant to examine plaintiff on the meaning of his oath, and in consequence thereof permitting questions to plaintiff concerning his religious beliefs or lack thereof. The transcript *1024 of the testimony show's that the commissioner stopped the examination after a brief time.
The weight of authority favors, the denial of such an examination, but a respectable minority permits it. The record as a whole shows that such examination did not affect the court’s decision and that any error which the trial commissioner may have made was harmless. Plaintiff was therefore not prejudiced by the examination.
(17) Since plaintiff's motion was filed more than ten years after the judgment became final, his motion was not filed within a reasonable time after the entry of final judgment, and does not set forth grounds sufficient to relieve plaintiff from such final judgment.
It Is Therefore Ordered that plaintiff’s petition to reopen the case be and it is hereby denied.